## ELMER LANDRUM v. THE STATE.

No. 14258.   Delivered May 27, 1931.

The opinion states the case.

*Shelton & Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for interfering with a railroad switch; punishment, two years in the penitentiary.

The statute under which this conviction was had is article 1335 of our Penal Code, which provides as follows: "If any person shall wilfully place any obstruction upon the track of any railroad, or remove any rail therefrom, or displace or interfere with any switch thereof, or in any way injury such road," etc.

The indictment herein charges as follows, omitting formal parts: "That Elmer Landrum * * * did then and there unlawfully and wilfully displace and interfere with a switch of the Missouri Pacific Railway Co. by cutting the copper wire in said switch there situate, whereby the lives of persons were endangered."

We think this averment insufficient to charge a violation of the statute above referred to. There is no averment that the switch referred to was a part of or connected with any railroad track. Said switch might have been abandoned, or might not yet have been installed as part of the track or in the yards of the railway company. The indictment appears to us to be bad. There are many kinds of switches. For instance, telephone switches, electric light switches, etc. These might be the property of a railway company. The evident intent of the statute in question as here applicable is to punish any person who shall wilfully displace or interfere with any switch in the track of any railroad. We think it unquestionably necessary that it be averred that the switch was part of the track or connected with the track of said railway company.

For the error of the indictment referred to, the judgment will be set aside and the prosecution ordered dismissed.

*Reversed and dismissed.*